145 N.J. Super. 597 (1976)
368 A.2d 938
SOPHIE CZECH, PLAINTIFF-APPELLANT,
v.
ASPEN INDUSTRIAL CENTER, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1976.
Decided October 26, 1976.
*598 Before Judges CARTON, KOLE and LARNER.
Mr. Charles A. Becker, Jr. argued the cause for appellant (Messrs. Vaccaro, Osborne & Curran, attorneys; Mr. Charles A. Becker, Jr. on the brief).
Mr. Isaac Henkoff argued the cause for respondent (Messrs. Krieger & Klein, attorneys; Mr. Isaac Henkoff on the brief).
PER CURIAM.
Plaintiff was mugged as she ascended the stairs leading to her place of employment. She instituted suit against defendant, the owner of a factory building in which her employer was a tenant, contending it had taken insufficient security measures for her protection. At the close of plaintiff's proofs the trial judge granted defendant's motion for judgment of dismissal, finding that the facts adduced presented no basis for liability.
The central issue on this appeal is whether the proofs presented by plaintiff, if true, and the legitimate inferences therefrom, considered most favorably to plaintiff, sufficed to *599 establish a duty of the landlord of this factory building with respect to the safety of its tenant's employees. See R. 4:37-2(b); Dolson v. Anastasia, 55 N.J. 2, 5 (1969).
We hold that under the proofs there was no such duty. Accordingly, the judgment of dismissal is affirmed.
We need not determine whether the court below erred in not admitting evidence of crime statistics for the City of Passaic as a whole. There was no basis in the record, even if such city-wide crime statistics were considered, for imposing a duty on this owner of a factory building of taking additional security measures to protect its tenant's employees from the hazard of a criminal event such as that here involved.
The proofs were sparse.
Plaintiff arrived at work on September 15, 1972, at about 7:30 A.M. As usual, she found the only door she would use to enter the building unlocked. She entered and the door slammed behind her. She did not hear the door slam again. As she neared the top of the stairs to the second floor, she was grabbed from behind and was rendered unconscious as a result of an attack by an unknown person.
The first floor of the building contained a machine shop operated by defendant corporation. Its president was Michael Chinnici. At about the time that plaintiff entered the building Chinnici was in his place of business on the first floor making coffee when he heard moaning in the hallway. He opened a sliding door into the hallway from his shop and saw a man running out of the door. He gave chase but apparently could not catch the assailant. Returning to the stairway, he found plaintiff lying on the steps.
Chinnici had arrived at the building at 7:10 A.M. He had seen a floor lady for plaintiff's employer opening the door to the building. He maintained that he always locked the premises. Chinnici further stated that he had not employed any security guards during the 10 to 15 years that he had been at the factory location because he had felt no need to do so. Aside from locks on the doors and screens on the windows, no other security measures were taken.
*600 A police officer testified that a federal housing project was near the factory building and that there were a number of crimes committed in the vicinity of the building during 1971 and 1972, prior to the September 1973 date of the incident. Chinnici had reported a breaking and entry at his place of business in March 1967.
The question of whether a duty on behalf of a defendant should attach in a given case is a question which must be answered by resorting to concepts of fairness and justice under the particular circumstances. The inquiry involves a weighing of the relations of the parties, the nature of the risk and the public interest in the proposed solution. Goldberg v. Newark, 38 N.J. 578 (1962); Dwyer v. Erie Investment Co., 138 N.J. Super. 93 (App. Div. 1975). Compare Braitman v. Overlook Terrace Corp., 68 N.J. 368 (1975).
There is nothing in the present case to support the conclusion that the kind of criminal attack to which plaintiff was subjected was a reasonably foreseeable risk in this factory setting against which additional security measures should have been taken by the landlord. Nor is there anything in the record indicating what steps the landlord reasonably should have taken to provide any such protection to its tenant's employees, including plaintiff.
We are not here concerned with an apartment house or similar residential premises where the landlord had notice of a particular defect which required correction in order to minimize the probability of the occurrence of a criminal event. See Braitman v. Overlook Terrace Corp., supra.
In our view, to impose liability on the landlord of a factory building under the facts here presented would not be fair or just, nor would it serve the public interest. The law does not contemplate or permit the imposition on this landlord of the duty sought by the plaintiff. Under the circumstances of this case, to hold otherwise would make the landlord an insurer of the safety of those utilizing its premises.
Affirmed.